UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EARL J. PEOPLES,

    Petitioner,

        v.

PAUL SCHULTZ,

    Respondent.

Civil Action No. 10-592 (JEB)

## MEMORANDUM OPINION

Petitioner Earl Peoples was convicted in the Superior Court of the District of Columbia in October 1989 of arson, murder, and other crimes arising out of a deadly attack at the home of a former girlfriend. He was sentenced several months later to a term of seventy-three years to life for these crimes, and his conviction was affirmed by the District of Columbia Court of Appeals in April 1994. Petitioner thereafter filed several § 23-110 collateral review petitions before the Superior Court, as well as a habeas petition before a federal court in South Carolina, where he was detained at the time. After these proved unsuccessful, he filed the instant petition for a writ of habeas corpus. Respondent has now moved to dismiss the petition on the ground that it is not properly before the Court and, alternatively, that it is time-barred by the Anti-Terrorism and Effective Death Penalty Act of 1996. Concurring on both grounds, the Court will grant the Motion.

**I.    Background**

On October 27, 1989, after a trial in the Superior Court, a jury convicted Petitioner of arson, felony murder while armed, second-degree murder while armed, six counts of assault with a dangerous weapon, five counts of mayhem while armed, five counts of malicious

1

disfigurement while armed, and malicious destruction of property. Pet. at 2. During the trial, the government established that Petitioner had attacked the home of a former girlfriend because he had overheard her speak to another man. See Peoples v. U.S., 640 A.2d 1047, 1050 (D.C. 1994). He had previously committed violent acts against her and their son and had threatened to kill her and her family should she ever be unfaithful. Id. In February 1990, he was sentenced to seventy-three years to life for these acts. Pet. at 2.

On direct appeal, his conviction was affirmed by the District of Columbia Court of Appeals on April 28, 1994, except on the issue of merger of several offenses. Mot. at 2. The DCCA remanded the case to the Superior Court for resentencing regarding this last issue, id., though it is unclear from the record precisely when Petitioner was resentenced.

Petitioner filed his first § 23-110 petition, alleging ineffective assistance of trial counsel, with the Superior Court on November 30, 2000. See Mot., Exh. A (Mot. to Vacate, Set Aside and/or Correct Sentence Imposed). Judge Stephen Milliken denied this petition in January 2001, finding that Petitioner's ineffective-assistance-of-counsel claim was procedurally barred because he had failed to raise it during his direct appeal. See Mot., Exh. B (Jan. 16, 2001, Opinion of Judge Stephen G. Milliken) at 2. Petitioner did not appeal, but instead filed a second § 23-110 petition in the Superior Court in December 2003. See Mot., Exh. H (Oct. 9, 2008, Opinion by D.C.C.A.) at 1.

In this second § 23-110 petition, he again presented an ineffective-assistance-of-counsel claim, but also argued that the instructions presented to the jury in his case had been misleading and that the sentence imposed by the trial court was unconstitutional. See Mot., Exh. G (Oct. 24, 2007, Opinion of Judge John Ramsey Johnson) at 1. Judge Johnson rejected all of Petitioner's claims. He found the jury-instructions claim procedurally barred because it had not been raised

2

on direct review, id. at 3-4, the ineffective-assistance-of-counsel claim likewise barred as successive, id. at 5, and the sentencing challenge under Apprendi v. New Jersey, 530 U.S. 466 (2000), unsuccessful because that Supreme Court decision was decided years after he was sentenced and was not retroactive. Id. at 6-7. Judge Johnson's decision was upheld by the D.C. Court of Appeals. Oct. 9, 2008, DCCA Opinion.

Meanwhile, Petitioner also filed a § 2241 federal habeas petition before a district court in South Carolina, where he was imprisoned, on December 23, 2002. Mot. at 3. That court also dismissed his petition, finding that his claims could be brought "only under the D.C. collateral attack statute section 23-110." Mot., Exh. D (Jan. 9, 2003, Recommendation by Magistrate Judge Joseph R. McCrorey) at 3, adopted by Mot., Exh. E (Oct. 17, 2003, Order of Judge Terry L. Wooten). In rejecting Petitioner's § 2241 petition, the court held that "section 2241 is an appropriate basis for a habeas petition where a prisoner challenges the execution of his/her sentence, but it is not generally available when the underlying validity of the conviction and sentence are challenged." M.J. McCrorey Recommendation at 5 (emphasis in original).

Petitioner then filed the instant habeas petition in April 2010, seeking review of the constitutionality of his detention based on the grounds of actual innocence, defective indictment, erroneous jury instructions, and denial of due process during jury deliberations. Respondent has now filed a Motion to Dismiss the case.[1]

## II. Analysis

Respondent argues that Petitioner's claims should be dismissed both because he cannot show that the favored D.C. § 23-110 remedy is inadequate or ineffective and because, even if cognizable as a § 2254 federal habeas petition, his claims would be time-barred by the Anti-

---

[1] In considering this Motion, the Court has reviewed Petitioner's Petition for Writ of Habeas Corpus, Respondent's Motion to Dismiss, and Petitioner's "Reply."

3

Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Petitioner responds that the local remedy is inadequate and ineffective and that the Court should consider his claims as an action under § 2241 rather than § 2254. The Court sides with Respondent as set out below.

A. § 23-110

Respondent first contends that Petitioner's habeas petition should be dismissed under D.C. Code § 23-110. Mot. at 8-9. This statute forbids any federal court from entertaining "[a]n application for a writ of habeas corpus in behalf of a prisoner" in custody under sentence of the Superior Court if that court has previously rejected a petition "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g). In fact, this Circuit has found that "when Congress enacted section 23-110 as part of the District of Columbia Court Reform and Criminal Procedure Act of 1970, it sought to vest the Superior Court with exclusive jurisdiction over most collateral challenges by prisoners sentenced in that court." Williams v. Martinez, 586 F.3d 995, 1000 (D.C. Cir. 2009); see also Swain v. Pressley, 430 U.S. 372, 377-78 (1977) (finding parallel between changes introduced to federal habeas process by 28 U.S.C. § 2255 and new postconviction procedure envisaged by Congress when it implemented § 23-110).

As Petitioner has already twice requested review from the Superior Court under § 23-110, this Court may only entertain this latest habeas petition if it finds that the previous use of the local collateral-attack remedy was "inadequate or ineffective to test the legality of his detention." Yet Petitioner does not provide any support for his conclusory claim that the District's § 23-110 process was inadequate or ineffective. On the contrary, Judge Johnson considered individually each claim in Petitioner's second § 23-110 application and ultimately found that he had not raised any cognizable claim requiring additional action in the form of an evidentiary

hearing. The D.C. Court of Appeals also looked at the record to determine that Petitioner's ineffective-assistance-of-counsel claim was without merit. See D.C.C.A. Oct. 9, 2008, Opinion at 2. It would thus defy clear congressional intent for the Court to entertain the merits of this latest petition for habeas review. Petitioner has already benefited from collateral review of his conviction before the Superior Court and the D.C. Court of Appeals, and as our Court of Appeals has made clear, "[i]t is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative" of whether the § 23-110 process was "inadequate or ineffective." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986).

B. Federal Habeas Petition

Even were the Court to find § 23-110 inadequate or ineffective, Petitioner would still not prevail. This is because under neither 28 U.S.C. § 2241 nor § 2254 can Petitioner mount a successful challenge to his conviction. The parties disagree as to which federal habeas remedy would be appropriate should the Court find the local remedy inadequate or ineffective. Petitioner asks the Court to consider his claims under 28 U.S.C. § 2241, whereas Respondent counters that 28 U.S.C. § 2254 is the appropriate statutory remedy. Ultimately, neither affords Petitioner relief.

28 U.S.C. § 2241 codifies the traditional habeas remedy, which allows federal courts to grant a writ of habeas corpus in a number of circumstances. After being amended, 28 U.S.C. § 2254 limits the authority of federal courts to entertain habeas petitions from state prisoners thus: "[federal courts] shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." In addition, § 2254 includes a number of more restrictive conditions to a federal habeas action from a state prisoner.

5

For example, § 2254 restricts habeas review to those who have exhausted state remedies or for whom the state remedy is ineffective. § 2254(b)(1). Section 2254, moreover, is available only when the judgment of the state court resulted in a decision that was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court process." § 2254(d). It is thus more difficult for a petitioner to be eligible for § 2254 than § 2241 review.

Respondent maintains that by filing a § 2241 petition before the Court, Petitioner has attempted to access the habeas review process without having to qualify for § 2254. Mot. at 11. Petitioner essentially admits as much in his Reply, where he "respectfully request[s] [t]hat this honorable court not re-characterize his 28 U.S.C. 2241 petition as a 28 U.S.C. 2254 motion [b]ecause a 2241 [motion] is the only viable avenue available to [him] to have his Constitutional Claims adjudicated." Reply at 1. At issue then is whether Petitioner may freely choose between § 2241 and § 2254 habeas review in this case.

It cannot be that Petitioner could escape the requirements of § 2254 simply by filing a petition under § 2241. If this were so, the changes introduced by Congress to the habeas process when it enacted § 2254 would be meaningless because any state prisoner could escape them. The promulgation of § 2254 makes it clear that Congress intended to restrict access to federal habeas review to state prisoners who satisfied certain requirements. See Felker v. Turpin, 518 U.S. 651, 662 (1996) ("Our authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to a person in custody pursuant to the judgment of a State court.") (footnote and internal quotation omitted). The Court cannot allow Petitioner to thwart this congressional intent by skirting § 2254's limits.

6

See Medberry v. Crosby, 351 F.3d 1049 (11th Cir. 2003) (explaining in detail distinctions between § 2241 and § 2254 and finding state prisoners must abide by restrictions in latter where in custody pursuant to judgment of state court); Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001) (relying on "well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one" to find that state prisoner must challenge his custody under § 2254 rather than § 2241), cited in Williams, 586 F.3d at 1002. The Court thus finds that the petition before it is properly one for § 2254 review and treats it as such.

   1. *28 U.S.C. § 2254*

Respondent argues Petitioner's claims cannot be brought under § 2254 because they are barred by AEDPA. AEDPA introduced a one-year statute of limitations for prisoners to file federal habeas petitions. 28 U.S.C. § 2244. This statute of limitations begins to run when a state prisoner's conviction becomes final, § 2244(d)(1)(A), and is tolled while he pursues state collateral review. § 2244(d)(2). The DCCA affirmed Petitioner's conviction on direct review, save for the merger issue, on April 28, 1994. Even allowing several months for resentencing (neither party has apprised the Court of exactly when this took place) and for the 90 days Petitioner had to file for certiorari before the Supreme Court, see S Ct R 13(1); Clay v. United States, 537 U.S. 522, 525 (2003), this means that Petitioner's sentence became final long before AEDPA was enacted on April 24, 1996.

This Circuit has found that "a prisoner whose conviction became final before the AEDPA was enacted has a one year grace period from the date of enactment in which to file" a federal habeas petition. U.S. v. Cicero, 214 F.3d 199, 202 (D.C. Cir. 2000). Though Cicero was decided under § 2255, "[c]ourts have generally applied the same analysis to the time limitations

in § 2254 and § 2255." Id. 203 n. (citing United States v. Flores, 135 F.3d 1000, 1002 n.7 (5th Cir. 1998) ("Because of the similarity of the actions under sections 2254 and 2255, they have traditionally been read in *pari materia* where the context does not indicate that would be improper")). As AEDPA was enacted on April 24, 1996, this grace period expired on April 24, 1997. Cicero, 214 F.3d at 202. Petitioner did not file his first § 23-110 petition until November 30, 2000, more than three and a half years later.

Given that AEDPA's clock has clearly run in this case, Petitioner appears to petition for equitable tolling of this statute of limitations. Such discretionary relief is possible, see Holland v. Florida, 130 S. Ct. 2549, 2560 (2010) (finding that "§ 2244(d) is subject to equitable tolling in appropriate cases"), but it is to be used extremely sparingly. Cicero, 214 F.3d at 203 ("Equitable tolling, which is to be employed only sparingly . . . has been applied in the context of the AEDPA only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.") (internal quotation and citation omitted). To benefit from equitable tolling, the Supreme Court has found that a prisoner would have to show "extraordinary circumstances" combined with due diligence in pursuing his rights. Lawrence v. Florida, 549 U.S. 327, 328 (U.S. 2007). Petitioner has not presented the Court with any facts to suggest that he was somehow prevented from bringing his petition in a timely fashion. In fact, his arguments are based on evidence he claims was available to his counsel at the time of his trial, not that was newly discovered. Nor can he argue that he has diligently pursued his rights since he waited for more than three years to bring his first postconviction petition before the Superior Court. The Court, therefore, cannot find that Petitioner has made out a case meriting equitable tolling of AEDPA's statute of limitations. His § 2254 petition is thus barred.

*2. 28 U.S.C. § 2241*

Even if this petition could be brought under § 2241, Respondent would still prevail because the Court would not have jurisdiction over this matter. This is because the proper respondent to a habeas corpus petition under § 2241 is the petitioner's warden or immediate custodian, Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004), and a petition may only be brought where "the respondent custodian is within [the] territorial jurisdiction" of the district court in question. Stokes v. U.S. Parole Commission, 374 F.3d 1235, 1239 (D.C. Cir. 2004). Even if Petitioner could bring a § 2241 petition, only the New Jersey federal court in whose district Petitioner is currently serving his sentence could entertain it.[2]

## III. Conclusion

Because Petitioner's habeas petition cannot survive this Motion, the Court will dismiss the case. An Order accompanying this Memorandum Opinion will be issued this day.

**SO ORDERED**.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  August 29, 2011

---

[2] Petitioner lists the Federal Correctional Institution at Fairton, New Jersey, as his address. A search of the Federal of Bureau of Prisons Inmate Locator confirms that this is where he is held as of the date of this Opinion. See http://www.bop.gov/iloc2/LocateInmate.jsp.